IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MURCHISON, | : | CIVIL ACTION NO. **3:CV-11-2285** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| HENRY J. SADOWSKI, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On December 9, 2011, Plaintiff Kenneth Murchison, an inmate at the United States Penitentiary Lewisburg, Lewisburg, Pennsylvania ("USP-Lewisburg")[1], filed, *pro se*, his second *Bivens* civil rights action with this Court pursuant to 28 U.S.C. § 1331.[2]  (Doc. 1).  Plaintiff attached exhibits to his Complaint, mainly copies of his BOP administrative remedy request and response,

---

[1]Plaintiff filed a previous *Bivens* civil rights action on October 19, 2011.  *See Murchison v. Bledsoe*, Civil No. 11-1944, M.D. Pa.  According to the exhibits attached to Plaintiff's prior and instant Complaints, Plaintiff is confined in the Special Management Unit ("SMU") at USP-Lewisburg.  On November 21, 2011, we issued a Report and Recommendation in Plaintiff's 11-1944 case (Doc. 9), which is currently pending before the District Court.

[2]*See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).   Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).

As Plaintiff correctly indicates (Doc. 1, p. 1), this is a *Bivens* action since Plaintiff seeks monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

and the BOP's response to his tort claim.[3]  Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*.  (Doc. 2).  Plaintiff's Complaint is a short three (3) page form Complaint.  (Doc. 1). Plaintiff raises several claims, including an Eighth Amendment excessive force claim, an Eighth Amendment denial of medical care claim, an Eighth Amendment conditions of confinement claim, and a First Amendment retaliation claim.

The Defendants named in the Complaint are Henry J. Sadowski, Federal Bureau of Prisons ("BOP") Tort Claim Coordinator; B.A. Bledsoe, Warden at USP-Lewisburg; Federal Bureau of Prisons Regional Director Norwood; Physicians Assistant ("PA") Potter; Dr. Pigos; and Unknown Members of the USP-Lewisburg Sort Team. (Doc. 1, p. 2).

Plaintiff alleges that on or about May 16, 2011, he was sexually assaulted by unnamed prison staff at USP-Lewisburg and subjected to excessive force as well as unlawful brutality and torture. He states that these acts were ordered and authorized by "said Defendants" and committed in retaliation against him.  Plaintiff avers that this conduct violated his Eighth Amendments right against cruel and unusual punishment.  *(See* ¶'s 1, 2 and 3 of Statement of Claim, page 2 of Complaint, Doc. 1).

Plaintiff further claims that on May 16, 17 and 18, 2011, the same unnamed prison staff at USP-Lewisburg, at the direction of the same Defendants, unlawfully used restraints upon him by

---

[3]The Court can consider Plaintiff's exhibits submitted with his Complaint for present screening purposes.  *See Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.); *Pension Benefit Guarantee Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993); *Kuniskas v. Walsh*, 2010 WL 1390870, *3 (M.D. Pa.).

making them excessively tight to wilfully harm him, resulting in permanent injury to the Plaintiff, including scarring.  Plaintiff avers that this conduct violated his Eighth Amendments right against cruel and unusual punishment.  (*Id*.).

Plaintiff further claims that the medical staff at USP-Lewisburg, in concert with the unnamed security staff at USP-Lewisburg, at the direction of the policies set by "Defendants," denied him proper medical attention for the pain and injuries sustained during the above-stated alleged incidents involving excessive force, *i.e.* "the misuse of restraints by security staff." As stated, Plaintiff names, in part, Defendants medical staff members at USP-Lewisburg, namely, Dr. Pigos and PA Potter.  Plaintiff also alleges that unnamed security staff at USP-Lewisburg denied him nourishment, food and water "for a too lengthy of period of time" when he was placed in restraints. Plaintiff avers that this conduct violated his Eighth Amendments right  (*Id*.).

Plaintiff's exhibits indicate that Plaintiff filed a tort claim with the BOP under the FTCA, on June 6, 2011, regarding the alleged injury he suffered from staff at USP-Lewisburg when they allegedly physically and sexually abused him and improperly left him in restraints in May 2011.[4]

---

[4]*See* Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1346(6) and § 2674.  Plaintiff cannot assert  negligence claims against individual Defendants of the BOP under the FTCA.  Rather, the only proper Defendant in an FTCA action is the United States.

The Court in *Banks v. Roberts*, 2007 WL 3096585, *2 (3d Cir.)(Non-Precedential), stated:

> The FTCA waives the sovereign immunity of the United States
> for torts of federal employees acting within the scope of their
> employment" under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with
> the law of the place where the act or omission occurred."  28 U.S.C.
> § 1346(b)(1).  The FTCA contains a jurisdictional bar that requires a
> plaintiff to file his or her claim with the appropriate federal agency
> and receive a final denial by that agency before filing a complaint

Plaintiff's tort claim was denied by Defendant Sadowski on December 1, 2011. (Doc. 1, exhibits).

Plaintiff seeks compensatory and punitive damages as well as injunctive relief.  (Doc. 1, p.

3, Section IV, Relief).  Plaintiff sues Defendants in both their individual and official capacities.[5]

This Court has jurisdiction over Plaintiff's *Bivens* civil rights action pursuant to 28 U.S.C.

§ 1331.  *See Oriakhi v. Wood, supra.; Latansio v. Sabol,* 2010 WL 4340394 (M.D. Pa. 10-26-10).

Plaintiff seems to indicate in his Complaint that he exhausted his BOP administrative

remedies regarding his present constitutional claims, and he has attached exhibits regarding his

attempts to have exhausted his claims.[6]   (Doc. 1, p. 1).  Plaintiff also states that the BOP

administrative remedy process at USP-Lewisburg "is being severely violated" and that grievances

are being "fraudulently handled" by all levels of the BOP.  (*Id.*).  Plaintiff further indicates that he

exhausted his administrative remedies with the BOP regarding this tort claim, and his exhibits seem

---

in federal court.  *See* 28 U.S.C. § 2675(a).

*See also Booker v. U.S.*, 2009 WL 90129 (M.D. Pa.).

[5]In a *Bivens* suit, Plaintiff cannot sue the individual  federal Defendants for damages in their of official capacities.  *See Smith v. U.S.*, 2007 WL 7313360, *6, n. 13 (M.D. Pa.)(citation omitted); *Wallace v. Bledsoe*, 2010 WL 1565571 (M.D. Pa. 3-16-10).  Thus, insofar as Plaintiff is seeking damages against the Defendants in their official capacities, we will recommend that such claims be dismissed with prejudice.  We find futility of any amended pleading with respect to Plaintiff's damages claims against Defendants in their official capacities.  *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

[6]  It is well-settled that the Plaintiff must exhaust all of his available administrative remedies prior to filing a civil rights suit.  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*

to show this.  (*Id*.).

Additionally, as stated, Plaintiff requests injunctive relief and he seeks the Court to direct

Defendants "to cease and stop the ongoing illegal and unlawful conduct." (*Id*., p. 3).

We will now screen Plaintiff's Complaint (Doc. 1) as we are obliged to do under the PLRA.

## II.  PLRA.

The Prison Litigation Reform Act of 1995,[7] (the "PLRA"), obligates the Court to engage in

a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915.  Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to state a
> claim on which relief may be granted; or (iii)
> seeks monetary relief against a defendant who
> is immune from such relief.

## III.  Bivens Standard.

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights

action.  In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen
> suffering a compensable injury to a constitutionally protected interest [to]
> invoke the general federal-question jurisdiction of the district court to
> obtain an award of monetary damages against the responsible federal official."
> *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).
> A civil rights claim brought under Bivens is the federal counterpart to an
> action brought under 42 U.S.C. § 1983, and the same legal principles

---

[7]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens*, the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.

Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

*See also Latansio v. Sabol,* 2010 WL 4340394, *2-*3.

## IV.  Discussion.

*1.  Lack of Personal Involvement of BOP Supervisory Officials Regional Counsel Sadowski, Warden Bledsoe and Northeast Regional Director Norwood*

In his Complaint, Plaintiff names as Defendants three BOP supervisory officials, namely, USP-Lewisburg Warden, Brian Bledsoe, BOP Regional Counsel Sadowski, and BOP Northeast Regional Director Norwood.  These Defendants are clearly in BOP supervisory positions, and they are not  sufficiently alleged to have been personally involved with respect to Plaintiff's above stated constitutional claims.  It is well established that personal liability in a civil rights action cannot be imposed upon a prison official based on a theory of *respondeat superior. See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir.

1976); *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003);*Carpenter v. Klopotoski*, 2011 WL 995967, *6 (M.D. Pa. 3-17-11).

We find that Plaintiff's Complaint lacks sufficient allegations of personal involvement under § 1331 as against the three named BOP supervisory Defendants.  Plaintiff names Warden Bledsoe as a Defendant merely based on *respondeat superior* due to his supervisory position over unnamed security staff at USP-Lewisburg and based on Bledsoe's denial of Plaintiff's grievance appeal. Plaintiff names Norwood as a Defendant merely because Norwood denied Plaintiff's final appeal of his grievance regarding the alleged May 2011 incidents.  Plaintiff names Sadowski as a Defendant merely because Sadowski denied Plaintiff's tort claim regrading the May 2011 incidents.  We will recommend that Defendant Warden Bledsoe be dismissed without prejudice, and that Defendants Norwood and Sadowski be dismissed with prejudice.

In *O'Connell v. Sobina*, 2008 WL 144199, * 21 (W.D. Pa.), the Court stated:

> Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions.  *Rode*, 845 F.2d at 1207.  "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."  *Id.  See also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).  Moreover, in order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations.  *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss.  *See Banks v. County of Allegheny*, 568 F.Supp.2d 579, 588 (W.D. Pa.

2008).

In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal,* stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D.Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

*See also Santiago v Warminister Tp.*, 2010 WL 5071779, * 5 (3d Cir. 12-14-10).

Based on the above detailed allegations in Plaintiff's Complaint as well as Plaintiff's exhibits, Defendants Warden Bledsoe, BOP Regional Counsel Sadowski, and BOP Northeast Regional

Director Norwood have not been sufficiently stated to have been personally involved with Plaintiff's constitutional claims. Also, Plaintiff does not allege that these Defendants were personally involved with any of the May 2011 incidents. In *Carpenter v. Klopotoski*, 2011 WL 995967, *7, the Court stated:

> To maintain a claim for supervisory liability, plaintiff "must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293 (3d Cir.1997); *Baker v. Monroe Twp.,* 50 F.3d 1186, 1190-91 (3d Cir.1995).

Further, as stated, the only involvement of Defendant Norwood with Plaintiff's claims is Norwood's response to Plaintiff's administrative remedies appeals, and the only involvement of Defendant Sadowski with Plaintiff's claims appears to be Sadowski's final denial of Plaintiff's tort claim. (Doc. 1, exhibits). Also, as stated, Plaintiff names, in part, Warden Bledsoe as a Defendant based on his denial of Plaintiff's grievances appeals. This is insufficient personal involvement.

It is well-established that inmates do not have a constitutionally protected right to a prison grievance system. *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 137-38, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *See also Flick v. Alba,* 932 F.2d 728, 729 (8th Cir.1991) (ruling that federal grievance regulations providing administrative remedy procedure do not create liberty interest in access to that procedure). It is further well-settled that officials handling of prison grievance procedures does not equate to personal liability in a civil rights claim. *Burnside v. Moser*, Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa., aff'd. 138 Fed. Appx. 414 (3d Cir. 2005). *See also Mitchell v. Dodrill*, 696 F.Supp.2d 454, 469 (M.D.Pa. 2010).

Plaintiff does not allege in his Complaint any actual personal involvement of Defendants Bledsoe, Sadowski, and Norwood with respect to his constitutional claims. Plaintiff has failed to sufficiently state any personal involvement of the three named BOP supervisory Defendants. We, therefore, will recommend that supervisory Defendants Norwood and Sadowski be dismissed from this case with prejudice, and that Defendant Warden Bledsoe be dismissed without prejudice.

Moreover, we find no cognizable due process claim stated by Plaintiff against Defendants Bledsoe, Sadowski, and Norwood.

In *Carpenter,* 2011 WL 995967, *9, the Court stated:

> It is first noted that defendants' alleged obstruction of prison grievance procedures does not give rise to an independent claim. Prisoners do not have a constitutional right to prison grievance procedures. *See, e.g., Massey v. Helman,* 259 F.3d 641, 647 (7th Cir.2001) (collecting cases). Further, Carpenter's claims that defendants Burks, Varner, Lucas, Wynder, and Klopotoski violated his due process rights in failing to rectify matters through the grievance procedure are subject to dismissal based on a lack of personal involvement in conduct amounting to a constitutional violation. (Doc. 39, at 10, ¶¶ 11-13; at 12, ¶¶ 17, 18; at 14, ¶ 25; at 39, ¶ 26; at 22-23, ¶¶ 63-68, 83, 84.) As noted in section C(1)(b), *supra,* participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement. *See Rode,* 845 F.2d at 1208 (mere filing of a grievance is not enough to impute the actual knowledge necessary for personal involvement). Therefore, any due process claims against defendants Burks, Varner, Lucas, Wynder, and Klopotoski, arising out of their roles in the review of grievances will be dismissed. As Carpenter is unable to cure the deficiencies associated with this claim, allowing an amendment would be futile.

Based upon the above, we find that it would be futile to allow Plaintiff to amend his Complaint against Defendants BOP Regional Counsel Sadowski and BOP Northeast Regional Director Norwood to allege their personal involvement with respect to his Eighth Amendment claims and his First Amendment retaliation claim. However, we do not find that it would be futile

to allow Plaintiff to amend his constitutional claims as against Defendant Bledsoe and to state how this Defendant personally was involved with Plaintiff's claims other than only denying his grievances appeals. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

    2. *Eighth Amendment Excessive Force and Conditions of Confinement Claims*

Plaintiff avers that on May 16, 2011, unnamed security staff at USP-Lewisburg used excessive force on him and sexually assaulted him. Plaintiff also avers that the unnamed security staff held him in excessively tight restraints from May 16 through May 18, 2011, and that he was permanently scarred as a result.

The gravamen of Plaintiff's Eighth Amendment conditions of confinement claim is that he was placed in four points restraints for 48 hours, from May 16 to May 18, 2011, and denied food and water by unnamed security staff at USP-Lewisburg. Plaintiff avers that this conduct by unnamed security staff at USP-Lewisburg was in violation of his Eighth Amendment rights against cruel and unusual punishment.

We find that viable Eighth Amendment excessive force and conditions of confinement claims are stated by Plaintiff against Defendants unnamed security staff (*i.e.* members of the Sort Team) at USP-Lewisburg. However, we will recommend that Plaintiff be directed to file an

11

Amended Complaint to personally name the security staff members at USP-Lewisburg involved with his Eighth Amendment claims.

The Court in *Mitchell v. Dodrill*, 696 F.Supp.2d at 466, stated:

> "The Eighth Amendment prohibition against cruel and unusual punishment demands that prison officials do no house inmates under conditions that deprive them of one or more basic human needs, such as the basic human need for reasonable safety, adequate physical space, and the need for some degree of ventilation and fresh air." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). However, the Eighth Amendment does not mandate that prisons be free of discomfort *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). No static test determines whether conditions of confinement are "cruel and unusual." These terms must "draw [their] meaning from the evolving standards of decency that mark the progress of a maturing society. *Tillery v. Owens*, 719 F. Supp. 1256, 1261 (W.D.Pa 1989).
> To establish an Eighth Amendment claim, Mitchell must show that he has been deprived of "the minimal civilized measure of life's necessities." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d. Cir. 1997) (quoting *Young v. Quinlan*, 960 F.2d 351, 359 (3d. Cir. 1992)). In reviewing this type of claim, courts have stressed the duration of the complainant's exposure to the alleged unconstitutional conditions and the "totality of circumstances" as critical to a finding of cruel and inhumane treatment. *Rhodes*, 452 U.S. at 362-363. Moreover, the focus must be on the deprivation of a particular basic necessity. As explained by the United States Supreme Court:

>> Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets. To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of single human need exists. *Wilson v. Seiter*, 501 U.S. 294, 304-305 (1991).

> In addition to showing conditions that pose a significant risk of
> serious harm, the inmate must show that the person or persons
> responsible for the conditions of confinement acted with
> "a sufficiently culpable state of mind." *Id. at 298.* As described
> by the Supreme Court in *Farmer,* the standard for
> determining deliberate indifference in a conditions of confinement
> case is whether a prison official knew of and disregarded an excessive
> risk to an inmate's health or safety. *Farmer,* 511 U.S. at 837. The
> Court added that "it is enough that the official acted or failed to
> act despite his knowledge of a substantial risk of harm." *Id.* at 842.

We again find that Plaintiff has failed to sufficiently state the personal involvement of Defendants Bledsoe, Sadowski, and Norwood with respect to his Eighth Amendment conditions of confinement claim. *See Carpenter,* 2011 WL 995967, *6. In *Carpenter,* the Court stated:

> An Eighth Amendment violation occurs when the prison official is
> deliberately indifferent to inmate health or safety and when this act or
> omission results in the denial of "the minimal civilized measure of life's
> necessities." *See Farmer,* 511 U.S. at 832 (1994). Therefore, a prison official
> can be held liable under the Eighth Amendment for denying humane
> conditions of confinement if he knows that inmates face a substantial risk
> of serious harm and disregards that risk by failing to take reasonable
> measures to abate it. *See id.* at 847, 511 U.S. 825, 114 S.Ct. 1970, 128
> L.Ed.2d 811. Claims of negligence, without a more culpable state of mind,
> do not constitute "deliberate indifference." *See Singletary v. Pennsylvania
> Dept. Of Corrections,* 266 F.3d 186, 193 n. 2 (3d Cir.2001).

Plaintiff does not allege that Defendants Bledsoe, Sadowski, and Norwood were personally aware that he faced a substantial risk to serious harm to his health by being placed in restraint for 48 hours without food and water and, that these Defendants disregarded that risk by failing to take reasonable measures to abate the restraints placed on Plaintiff. Further, Plaintiff does not allege the he complained to these Defendants about the restraints and that these Defendants ignored his complaints.

13

We will recommend that Plaintiff's Eighth Amendment conditions of confinement claim be dismissed without prejudice as against Defendants Bledsoe and unnamed Sort Team members. Based upon the above, we do not find that it would be futile to allow Plaintiff to amend his Complaint against Defendants USP-Lewisburg Warden Bledsoe and unnamed Sort Team members to allege their personal involvement with respect to his Eighth Amendment conditions of confinement claim.  As discussed, we will recommend that Defendants Sadowski and Norwood be dismissed entirely from this case with prejudice.  The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading.  *See Grayson v. Mayview State Hospital*, *supra*.

In order to establish an Eighth Amendment excessive force claim, the Court stated in *Freeman v. Bronkoski*, 2008 WL 4414725, *4 (M.D. Pa.):

> The Third Circuit Court of Appeals has noted that "[a]fter conviction, the Eighth Amendment serves as the primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified.  *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). In considering such a claim, the fact-finder must determine " 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause. harm." " *Id.* (quoting *Hudson v. McMillan*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).  When " 'it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain," summary judgment is inappropriate for the defendant.  *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 322, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).  Five factors apply in determining whether a correctional officer used excessive force: "(1) 'the need for the application of force;" (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of the injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of the response.'" *Id.* (quoting *Whitley*, 475 U.S. at 321).

*See also Bright v. Gillis*, 89 Fed. Appx. 802, 805 (3d Cir. 2004) (Court stated the factors in

establishing an Eighth Amendment excessive force claim against prison staff); *Caldwell v. Luzerne*

*County Correctional Facility Management*, 732 F.Supp. 2d 458, 469 (M.D. Pa. 2010) citing *Brooks*

*v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000).

> The Court in *Wesley v. Dombrowski*, 2004 WL 1465650 *6 (E.D. Pa.), stated:

>> "The core inquiry in claims of excessive force is 'whether force was applied
>> in a good-faith effort to maintain or restore discipline, or maliciously and
>> sadistically to cause harm'." (Citing *Hudson v. McMillian*, 503 U.S. 1, 7, 112
>> S.Ct. 995, 117 L.Ed.2d 156 (1992)).

> The *Wesley* Court also stated:

>> While the Eighth Amendment's proscription against cruel and unusual
>> punishment excludes from constitutional recognition *de minimis* uses of
>> physical force if the use of force is not of a sort "repugnant to the conscience
>> of mankind," to state a claim, the plaintiff need only allege that force was
>> maliciously applied to cause harm." *Id.* (Citation omitted).

*Wesley*, 2004 WL 1465650 *6.  See also *Eppers v. Dragovich*, 1996 WL 420830 (E.D. Pa.).

Plaintiff does not allege that Defendants Bledsoe, Sadowski, and Norwood were personally

involved with his excessive force claim.  We will recommend that Plaintiff's Eighth Amendment

excessive force claim be dismissed with prejudice as against Defendants Sadowski and Norwood,

and that this claim be dismissed without prejudice as against Defendants Bledsoe and unnamed

Sort Team members.  Based upon the above, we do not find that it would be futile to allow

Plaintiff to amend his Complaint against Defendants USP-Lewisburg Warden Bledsoe and

unnamed Sort Team members to allege their personal involvement with respect to his Eighth

Amendment excessive force claim.  The Third Circuit has held that a Plaintiff who filed an *in forma*

*pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his

pleading. *See Grayson v. Mayview State Hospital*, *supra*.

   3.  *Eighth Amendment Denial of Proper Medical Care Claim*

   Initially, as stated, Plaintiff does not allege that Defendants Bledsoe, Sadowski, and Norwood were personally involved with his claim that he was denied medical care for his injuries from the May 16, 2011 excessive force incident and from the restraints placed on him from May 16 through May 18, 2011.  Plaintiff states that he was denied medical care by the medical staff at the prison in concert with the security staff at the direction of the "Defendants."

   In *Carpenter,* 2011 WL 995967, *8, the Court stated:

> To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, plaintiff must establish that defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir.1993). There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *see also Montgomery v. Pinchak,* 294 F.3d 492, 499 (3d Cir.2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. *See Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir.2004) (quoting *White v. Napoleon,* 897 F.2d 103, 109 (1990); *Monmouth County Corr. Inst. Inmates v. Lensario,* 834 F.2d 326, 346 (3d Cir.1987).

   As stated above, Plaintiff must allege that the supervisory Defendants personally participated in the unconstitutional conduct, directed others to violate his rights, or had knowledge of and acquiesced in a subordinate's violations.  *Id.*  Plaintiff fails to allege the required personal involvement of Defendants Bledsoe, Sadowski, and Norwood with respect to his Eighth

Amendment denial of medical care claims.  Also, Plaintiff does not sufficiently state the personal

involvement of medical Defendants PA Potter and Dr. Pigos with respect to his denial of medical

care claims.  We will recommend that Plaintiff be permitted to amend his Complaint to state his

denial of proper medical care claims as against Defendants Beldsoe, Potter and Pigos as well as the

security staff members.  Based on our above discussion, we find futility of any amended pleading

as to Defendants Sadowski and Norwood with respect to Plaintiff's denial of medical care claims.

Moreover, Defendants Bledsoe, Sadowski, and Norwood, non-physicians, cannot be found

deliberately indifferent to the Plaintiff's serious medical needs for his injuries from the alleged May

2011 incidents, as the Plaintiff seems to indicate that the prison medical staff, including PA Potter

and Dr. Pigos, were aware of his conditions.  *Durmer v. O'Carroll*, 991 F.2d. 64, 69 (3d. Cir.

1993).  *See also Thomas v. Zinkel,* 155 F. Supp. 2d 408, 413 (E.D. Pa. 2001) (Prison officials "who

are not physicians cannot be considered deliberately indifferent simply because they failed to

respond directly to the medical complaints of a prisoner who was already being treated by the

prison doctor." (Citing *Durmer*, 991 F. 2d at 69 n. 14)); *Newton v. Reitz*, 2009 WL 233911("the

United States Court of Appeals for the Third Circuit held in *Durmer* that a non-physician

Defendant cannot be held liable for being deliberately indifferent to an inmate's medical needs

where, as here, the inmate is receiving treatment from the institution's health care staff.")(Citing

*Durmer*, 991 F. 2d at 69); *Meekins v. Law*, 2007 WL 2318118, * 3 (M.D. Pa. 8-8-07).

Therefore, we will recommend that Plaintiff's Eighth Amendment claims for denial of

proper medical care against Defendants Bledsoe, PA Potter, Dr. Pigos  and security staff be

dismissed without prejudice.  Based upon the above, we find that it would be futile to allow

Plaintiff to amend his Complaint against Defendants BOP Regional Counsel Sadowski and BOP Northeast Regional Director Norwood with respect to his Eighth Amendment claims for denial of proper medical care.  *See Alston, supra*.

### 4.  *First Amendment Retaliation Claim*

Plaintiff indicates that he is also raising a First Amendment retaliation claim.  Plaintiff merely alleges that the excessive force and sexual assault on him was authorized by "Defendants" in retaliation against him.  (Doc. 1, p. 2).  We find that Plaintiff has not sufficiently stated the personal involvement of any Defendant with respect to his First Amendment retaliation claim.  We do not find that Plaintiff properly alleges that any specific Defendant retaliated against him for his past grievances or lawsuits.

In *Mincy v. Chmielewski*, 2007 WL 707344, *5-*6 (M.D. Pa.), the Court stated:

Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. *See Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir.2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate (1) that he was engaged in protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Rauser v. Horn,* 241 F.3d 330 (3d Cir.2001) (quoting *Allah,* 229 F.3d at 225).

"As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." *Rauser,* 241 F.3d at 333; *see also, Jerry v. Williamson,* 2006 WL 3741840, 1 (3d Cir.2006). While inmates "do not forfeit all constitutional protections by reason of their conviction and confinement including those under the First Amendment ..., lawful incarceration brings about withdrawal or limitation of privileges and rights for various reasons, including institutional security." *Cooper v. Tard,* 855 F.2d 125, 128 (3d Cir.1988); *see also, Pell v. Procunier,* 417 U.S. 817, 822 (1974) (stating that "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system").

Plaintiff had a First Amendment right to file grievances and lawsuits. *See Mincy v. Chmielewski*, 2007 WL 707344,*6("The filing of a grievance clearly falls within the ambit of the First Amendment.")(citation omitted). We find that Plaintiff has not met the second element of a retaliation claim as against any Defendant, *i.e.* that any Defendant personally took adverse actions against him in retaliation for his prior grievances and lawsuits. *See Wheeler v. Beard*, 2005 WL 1840159, *3 (E.D. Pa. 8-3-05)(citation omitted). Further, we do not find that Plaintiff has sufficiently stated that there was a causal link between his past grievances or lawsuits and adverse action taken against him by any Defendant. Thus, we do not find that Plaintiff has stated the personal involvement of any Defendant with respect to his First Amendment retaliation claim.

Based on our discussion above, we will recommend that Plaintiff's First Amendment retaliation claim be dismissed with prejudice as against Defendants Sadowski and Norwood. We will recommend that Plaintiff be permitted to amend his Complaint with respect to his First Amendment retaliation claim as against the other Defendants.

Thus, we will recommend that all of Plaintiff's constitutional claims against Defendants Sadowski and Norwood be dismissed with prejudice, and that these two Defendants be dismissed entirely from this case. We will recommend that Plaintiff's constitutional claims against the remaining Defendants be dismissed without prejudice. Based upon the above, we do not find that it would be futile to allow Plaintiff to amend his Complaint against Defendants USP-Lewisburg Warden Bledsoe, unnamed Sort Team members, PA Potter and Dr. Pigos with respect to his constitutional claims. *See Alston, supra*.

**V.  Recommendation.**

Based on the foregoing, it is respectfully recommended that Plaintiff's claim for money damages against all BOP Defendants in their official capacities be dismissed with prejudice. It is recommended that all of Plaintiff's constitutional claims against Defendants Sadowski and Norwood be dismissed with prejudice, and that these two Defendants be dismissed entirely from this case.  Further, it is recommended that Plaintiff's constitutional claims against the remaining Defendants be dismissed without prejudice.  Based upon the above, we do not find that it would be futile to allow Plaintiff to amend his Complaint against Defendants USP-Lewisburg Warden Bledsoe, unnamed Sort Team members, PA Potter and Dr. Pigos with respect to his constitutional claims.

Finally, it is recommended that his case be recommitted to the undersigned for further proceedings.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 31, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MURCHISON, | : | CIVIL ACTION NO. **3:CV-11-2285** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| HENRY J. SADOWSKI, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 31, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


                                                 **s/ Thomas M. Blewitt**

_____      **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**


**Dated: January 31, 2012**