**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH MURCHINSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:11-2285 |
| | (JUDGE CAPUTO) |
| v. | (MAGISTRATE JUDGE BLEWITT) |
| WARDEN BLEDSOE, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation ("R & R") (Doc. 21) to Plaintiff Kenneth Murchinson's Amended Complaint (Doc. 12), his Motion for Preliminary Injunction and for Reconsideration of the Court's Order deeming Plaintiff's Motion for Preliminary Injunction as withdrawn (Docs. 16; 18), and his Motion for Discovery. (Doc. 15.) On June 20, 2012, Magistrate Judge Blewitt issued a R & R recommending: (1) Plaintiff's request for preliminary injunctive relief be denied; (2) Plaintiff's request for discovery be denied; (3) Plaintiff's claims against the Federal Bureau of Prisons and Warden Bledsoe be dismissed with prejudice; and (4) Plaintiff's claims against Defendants Potter, Pigos, unnamed Sort Team members, Lt. Seba, and Lt. Johnson be dismissed without prejudice. Objections to the R & R were to be filed on or before July 9, 2012. No objections were filed by Plaintiff. Instead, on July 5, 2012, Plaintiff filed a Second Amended Complaint. While the recommendation to dismiss Warden Bledsoe from the action with prejudice will be rejected, the R & R will otherwise be adopted in its entirety.

**I. Background**

As set forth in Magistrate Judge Blewitt's R & R, Plaintiff's Amended Complaint avers that on May 16, 2011, Defendant Bledsoe, in his supervisory capacity, was notified about

the possible use of force on Plaintiff by the Sort Team as well as by the medical and security staff at USP-Lewisburg.  He further alleges that the Sort Team used unreasonable force on him by excessively tightening restraints on him which caused personal injuries.  He also avers that during a period of three days, he was denied proper medical attention and medication as well as nourishment and water.  Plaintiff also asserts that he was forced to urinate and defecate upon himself during these three days.  However, Plaintiff did not specifically identify the personal involvement of each Defendant in these acts.

Based on these allegations, Magistrate Judge Blewitt recommends that the Federal Bureau of Prisons be dismissed from this action with prejudice because Plaintiff cannot bring a *Bivens* action against a federal agency.  Second, the Magistrate Judge recommends dismissing the claims against Warden Bledsoe with prejudice because he is only named as a Defendant based on a theory of *respondeat superior*.  Third, the R & R recommends that Plaintiff's Eighth Amendment claim be dismissed without prejudice to allow Plaintiff to file an amended complaint to allege the personal involvement of Defendants in the denial of his constitutional rights.  Fourth, Magistrate Judge Blewitt recommends that the motion for preliminary injunction be denied because Plaintiff's request does not relate to the subject-matter of his complaint and he has not made the necessary showing for the Court to grant his request for preliminary injunctive relief.  And, finally, Magistrate Judge Blewitt recommends Plaintiff's motion for discovery be denied because Plaintiff is not required to obtain a Court Order to conduct discovery and Plaintiff has not alleged that Defendants have refused to comply with discovery requests.

As noted, Plaintiff did not file objections to the R & R.  Instead, Plaintiff filed a Second Amended Complaint on July 5, 2012.

## II. Discussion

Where objections to the Magistrate Judge's report are filed, the court must conduct

a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa.1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed.2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa.1998).

Here, Plaintiff has not filed objections to the Magistrate Judge's recommendations to deny the Motion for Discovery, the Motion for Preliminary Injunction, or the Motion for Reconsideration.  And, finding no clear error in these uncontested portions of the R & R, the Court will adopt Magistrate Judge Blewitt's recommendations to deny these motions.

As to Magistrate Judge Blewitt's recommendations regarding Plaintiff's Amended Complaint, Plaintiff, in his prematurely filed Second Amended Complaint, has eliminated the Federal Bureau of Prisons as a Defendant in this action.  As such, the Court finds that Plaintiff does not object to this recommendation, and the Federal Bureau of Prisons will be dismissed from this action with prejudice.  Furthermore, by prematurely filing his Second Amended Complaint, it is apparent that Plaintiff does not object to the Magistrate Judge's

recommendation to dismiss the action without prejudice to allow Plaintiff to allege the personal involvement of each Defendant in the alleged denial of his constitutional rights. The Court, however, does not comment on whether the Second Amended Complaint adequately states a claim against these Defendants.

Despite these observations, a review of the prematurely filed Second Amended Complaint indicates that Plaintiff objects to the Magistrate Judge's recommendation to dismiss Warden Bledsoe as a Defendant in this action. In particular, the Second Amended Complaint asserts that Warden Bledsoe "did in fact directly authorize" the use of force against Plaintiff. Again, while the Court does not pass judgment on whether these allegations are sufficient to state a claim against Warden Bledsoe, the text of the Second Amended Complaint implies that Plaintiff believes that his claim against Warden Bledsoe is not based solely on a *respondeat superior* theory. As such, the Court will not dismiss Warden Bledsoe from the action with prejudice at this time. Instead, the matter will be recommitted to the Magistrate Judge to determine whether Plaintiff's Second Amended Complaint adequately alleges the personal involvement of Warden Bledsoe, as well as the other Defendants, in the claimed denial of Plaintiff's constitutional rights.

### III. Conclusion

For the above stated reasons, the Magistrate Judge's Report and Recommendation is rejected in part and adopted in part. The matter will be recommitted to Magistrate Judge Blewitt for further proceedings, including screening Plaintiff's Second Amended Complaint (Doc. 22) pursuant to the Prison Litigation Reform Act.

An appropriate order follows.

| | |
|---|---|
| July 23, 2012<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |